# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CELTNIEKS, ALMANZA[1], and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MATTIE L. BROWN**
**United States Army, Appellant**

ARMY 20140346

Headquarters, III Corps and Fort Hood
James L. Varley, Military Judge (arraignment)
Patricia H. Lewis, Military Judge (trial)
Colonel Stuart W. Risch, Staff Judge Advocate (pre-trial)
Colonel Ian G. Corey, Staff Judge Advocate (post-trial)

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Payum Doroodian, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Daniel D. Derner, JA; Captain Steve T. Nam, JA (on brief).

28 June 2016

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

ALMANZA, Judge:

A military judge sitting as a special court-martial convicted appellant, contrary to her pleas, of signing a false official record (two specifications), making a false official statement, and larceny of military property of a value of more than $500.00, in violation of Articles 107 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 921 (2012) [hereinafter UCMJ]. Upon correction, the military judge sentenced appellant to be discharged from the Army with a bad-conduct discharge, to be confined for nine months, to forfeit $1,021.00 per month for nine months, and to be reduced to the grade of E-1. The convening authority approved the adjudged sentence.

---

[1] Judge ALMANZA took final action in this case while on active duty.

This case is before us for review pursuant to Article 66, UCMJ. Appellant assigns three errors. While all three merit brief discussion, only one merits relief. Additionally, appellant raises three issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). One of these issues merits discussion but no relief, while the other two merit neither discussion nor relief.

## BACKGROUND

Appellant had been married to Mr. CB. Accordingly, while married she was entitled to Basic Allowance for Housing (BAH) at the with-dependents rate. Her divorce from Mr. CB was finalized on 29 July 2010, and she appeared in person at that court proceeding. Appellant, however, continued drawing BAH for approximately two years after her divorce from Mr. CB (this conduct resulted in her conviction of the Specification of Charge II for larceny of military property over $500). After her divorce was finalized, appellant digitally signed a Service-members' Group Life Insurance Election and Certificate form stating that Mr. CB was her husband (Specification 1 of Charge I). Appellant also completed a unit Personal Data Sheet that contained administrative information, in which she entered her Social Security Number, date of birth, and address, and stated she was married to Mr. CB (Specification 3 of Charge I). Additionally, appellant told an officer appointed under Army Reg. 15-6 to investigate whether she was entitled to receive BAH that she was currently married to Mr. CB (Specification 5 of Charge I).

## LAW AND DISCUSSION

### A. Admission of Allegedly Unwarned Statement

Defense counsel did not object to the investigating officer's testimony that on 27 April 2012, appellant told him that she was married to Mr. CB. As this objection was not preserved, it is forfeited in the absence of plain error. *United States v. Knapp*, 73 M.J. 33, 36 (C.A.A.F. 2014); *see also* Military Rule of Evidence [hereinafter Mil. R. Evid.] 304(f)(1) (motion to suppress must be made prior to entry of pleas and may not be made at a later time absent good cause).

We have reviewed the allied papers that indicate on 27 April 2012, the investigating officer advised appellant of her Article 31(b), UCMJ, rights and that she was suspected of fraud. (Allied Papers, DA Form 3881, dated 27 April 2012 and signed by appellant and the investigating officer). The allied papers also indicate appellant made the verbal statement of which she stands convicted to the investigating officer after she was advised of her rights but before she invoked her rights upon being asked to reduce her statement to writing. (Allied Papers, DA Form 2823, dated 27 April 2012 (reflecting appellant's invocation of rights); Allied Papers, DA Form 2823, dated 28 April 2012 (investigating officer's statement; in relevant part, it reads, "[a]fter we talked [referencing the conversation containing

2

the false statement], I asked … [appellant] to write a written sworn statement as to the discussion we just had, at which time she refused and stated she wanted to talk to a lawyer.")).

Under these facts, there is no error, much less plain error. Accordingly, appellant is not entitled to relief.

### B. Dilatory Post-Trial Processing

Our superior court established timeliness standards for various stages of the post-trial and appellate process. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). In relevant part, the convening authority should take initial action no later than 120 days after completion of the trial. *Id.* Failure to satisfy this standard creates a "presumption of unreasonable delay," prompting this court to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), to determine whether appellant's due process rights were violated. *Moreno*, 63 M.J. at 142.

The first factor, length of delay, plainly weighs in appellant's favor. In this case, 249 days passed between sentencing and action by the convening authority. Here, the post-trial processing standards for the completion of the convening authority's action were exceeded. We therefore proceed to the remaining three factors, beginning with "[r]easons for the delay." *Id.* at 136. Here, the government has offered none and we decline the government's invitation that we speculate. *See* Gov't Br. at 11 ("some undetermined period of administrative delay following authentication . . . was attributable to the redeployment of III Corps from Afghanistan. . . ."). The third factor, assertion of the right to a timely review and appeal, also weighs in appellant's favor, as defense counsel submitted two requests for speedy post-trial processing on 8 April 2014 and on 11 November 2014, and raised the issue of delay in his submission under Rule for Courts-Martial [hereinafter R.C.M.] 1105 and 1106 on 5 December 2014.

However, despite the delay, appellant's assertion of this issue before the convening authority and this court, and the absence of any explanation by the government for its dilatory processing, appellant is still not entitled to relief pursuant to *Moreno*. Appellant has failed to demonstrate that she suffered any prejudice[2] as a result of the delay, and we find this absence outweighs the first three factors to a degree that we can confidently conclude her due process rights were not violated. *Id.* at 138. Additionally, while we recognize the post-trial delay here is excessive, it is not "so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

---

[2] In her brief, appellant does not assert prejudice. *See* Appellant's Br. at 8-9.

In the absence of actual prejudice from unreasonable post-trial processing, this court is authorized to grant relief for excessive delay in our assessment of the appropriateness of appellant's sentence pursuant to Article 66(c), UCMJ. *See United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). On this record, which includes the convening authority's decision to defer adjudged and automatic forfeitures until action, we decline to exercise this authority.

### C. Factual and Legal Insufficiency

In accordance with Article 66(c), UCMJ, we review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987) (internal citations omitted); *see also United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002). In resolving questions of legal sufficiency, we are "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325.

In Specification 3 of Charge I, the government alleged appellant "sign[ed] an official record, to wit: a Personal Data Sheet, stating she was married to Mr. [CB], which record was totally false." The record contains several handwritten entries in printed (not cursive) writing, starting with "Benjamin Mattie" in the "Name" block. While there is a handwritten circle around the pre-printed word "Married" in the line for "Marital Status" and Mr. CB's name is handwritten in the "Spouse's Name" block, there are many other handwritten entries on the form as to which no evidence was presented at trial concerning their truth or falsity.[3] Accordingly, we find the government failed to meet its burden to prove beyond a reasonable doubt that the "record was totally false" as alleged. We thus find that the evidence was factually insufficient to support the conviction of Specification 3 of Charge I, and will set aside that conviction in our decretal paragraph.

---

[3] Given our resolution of this assignment of error, we need not determine whether "Benjamin Mattie" printed in handwriting constitutes a signed record, nor need we address the difference between "signing" and "making" a written false official statement under Article 107, UCMJ.

4

*D. Ineffective Assistance of Counsel*

"Claims of ineffective assistance of counsel are reviewed de novo." *United States v. Gooch*, 69 M.J. 353, 362 (C.A.A.F. 2011). In evaluating allegations of ineffective assistance of counsel, we apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This standard requires appellant to demonstrate: (1) that counsel's performance was deficient, and (2) that this deficiency resulted in prejudice. *Id*. Appellant must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The relevant issue is whether counsel's conduct failed to meet an "objective standard of reasonableness" such that it fell outside the "wide range of professionally competent assistance." *Id*. at 688, 690. "On appellate review, there is a 'strong presumption' that counsel was competent." *United States v. Grigoruk*, 56 M.J. 304, 306-307 (C.A.A.F. 2002) (citing *Strickland*, 466 U.S. at 689). Moreover, appellant has the burden to establish prejudice. *See United States v. Quick*, 59 M.J. 383, 384 (C.A.A.F. 2004).

Appellant personally asserts her trial defense counsel was ineffective because on findings he neither presented any evidence, made an opening statement, objected to the government's evidence, nor adequately cross-examined the government's witnesses. Appellant did not submit an affidavit in support of her assertions of ineffective assistance of counsel.[4]

Having reviewed the record, we find that appellant's trial defense counsel did not present any evidence on findings and that he did not make an opening statement. We also find that he did not cross-examine two government witnesses on findings.[5] Moreover, we find that he did not object to the government's documentary evidence on findings,[6] nor did he object to the testimony of the investigating officer that is the subject of appellant's first assignment of error.

---

[4] As explained above, the other two matters appellant personally asserts (speedy trial; legal and factual insufficiency of Charge II) merit neither discussion nor relief.

[5] Although appellant asserts that her trial defense counsel "didn't cross-examine three significant witnesses," Appellant's Br. Appendix A, at 2-3, our review of the record indicates that he did not cross-examine two government witnesses on findings, not three. Specifically, trial defense counsel did not cross-examine one witness after the government's direct examination, but did cross-examine that witness following the government's re-direct examination after the military judge questioned that witness.

[6] Appellant's trial defense counsel did object to the government's evidence on sentencing, such as a record of punishment under Article 15, UCMJ, and the result

(continued . . . )

We note that, in and of itself, failing to take certain actions may not constitute deficient performance if there was no basis for those actions. For example, failing to object at trial to the admission of a statement as being obtained in violation of an appellant's Article 31(b) rights would not constitute deficient performance if in fact that appellant had been properly advised of those rights and had waived them before making that statement. Accordingly, the mere fact that trial defense counsel did not take certain actions—without facts indicating that counsel acting within the "wide range of professionally competent assistance" would have taken those actions—is insufficient for a finding of deficient performance. So, for example, while appellant complains that her attorney did not object to the admission of evidence, she does not advance what objections should have been made. Our own independent review of the record likewise finds none. Similarly, appellant does not argue that cross-examination of witnesses would have elicited any fact of consequence.

In this case, however, it is unnecessary to decide whether trial defense counsel's performance was deficient because even if it were, appellant suffered no resulting prejudice. Specifically, the government presented overwhelming evidence to establish that appellant was guilty of the offenses of which she was convicted. Accordingly, in this case appellant has not met her burden to establish prejudice, the second prong of the *Strickland* test is thus not established, and appellant's personally-asserted claim of ineffective assistance of counsel must fail.

## CONCLUSION

Having completed our review and in consideration of the entire record, the finding of guilty of Specification 3 of Charge I is set aside and DISMISSED. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). In the context of this case, Specification 3 of Charge I was relatively minor. The dismissal of this specification does not materially alter the amount of admissible aggravation evidence. We are confident that based on the entire record and appellant's course of conduct, the military judge would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

---

(. . . continued)

of trial and the court-martial promulgating order from appellant's previous court-martial. We note that appellant does not make a specific or general assertion that trial defense counsel's performance was deficient in sentencing proceedings or in post-trial matters.

6

BROWN—ARMY 20140346

We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

Judge CELTNIEKS and Judge WOLFE concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court